CARTER *v.* CARTER

No. 40544      October 21, 1957      97 So. 2d 529

*John E. Mulhearn,* Natchez, for appellant.

*Thos. K. Green, Jr.,* Natchez, for appellee.

Lee, J.

Under the pleadings, the issue in this case was whether or not Rosetta Carter was guilty of wilful continued and obstinate desertion of her husband, Eli Carter, for more than twelve months next before the filing of his bill.

The evidence was in hopeless conflict. It was Rosetta's contention that, when she left her husband in Los Angeles, California, on June 19, 1951, and came to Natchez, Mississippi, with their children, she did so because of ill-health and at the instance of her husband; that she purposed to return to him and subsequently asked for transportation; that she was a qualified voter in that state and did not move her church membership; and that she never did hear anything from her husband. However, her father, introduced by her to show that she had been under the care of a doctor, admitted, on cross-examination, that, during the two years that she lived in his home, frequently at times and then perhaps two or three months apart, mail came to her from her husband.

On the contrary, Eli denied that he sent his wife to Mississippi. He testified that she rushed off suddenly under the guise of returning to Mississippi to see a sick sister;

that she called him over the telephone while he was at work, and, when he got home, she was packed and ready to go; that she had all of the money which they had saved and borrowed for the purpose of buying a home, approximately $1,300, and that she took it with her; that he had sent her $100 a month for the first year and $75 a month for the next two years, for the support of the children; and that, at no time, did she say anything about returning to him, although he would have been willing to take her back at any time before the filing of the suit.

Eli filed his bill of complaint on May 22, 1956. It is undisputed that Rosetta, at the time, had been in Mississippi since the latter part of June 1951—almost five years.

■■ ■ The learned chancellor resolved the issue in favor of Eli and awarded him a divorce. ■■■ Obviously the evidence was sufficient to warrant the conclusion that Rosetta was a bona fide resident of Mississippi within the meaning of Section 2736(a), Code of 1942, and amply justified the relief granted.

Appellant's uncontested motion for the allowance of a solicitor's fee for services rendered in this court is sustained, and the same is fixed at $75, one-half of the amount allowed by the trial court, payable within fifteen days.

The decree of the trial Court is affirmed, and a solicitor's fee is allowed here.

Affirmed and solicitor's fee allowed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.